Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

FILED _____ RECEIVED
ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

FEB 2 4 2025

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT

for the

District of

Nevada Division

|  |  |
|---|---|
| Ciara Nicole Marie Green | ) Case |
| Phillip Charles Aught JR. (Pro Se) | ) |
| _____ | ) **2:25-cv-00349-APG-EJY** |
| *Plaintiff(s)* | ) |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) Jury Trial: *(check one)* ☒ Yes ☐ No |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| **-v-** | ) |
|  | ) |
|  | ) |
|  | ) |
| Carvana LLC ET.AL | ) |
| _____ | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued.  If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | |
| *write "see attached" in the space and attach an additional page* | |
| *with the full list of names.)* | |

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Ciara Nicole Marie Green & Phillip Charles Aught JR. (Pro Se) |
| Street Address | 12333 Silvana Street |
| City and County | Las Vegass, Clark County |
| State and Zip Code | Nevada, 89141 |
| Telephone Number | Phillip (702) 210-6081 Ciara (509) 554-1160 |
| E-mail Address | phillipaught15@gmail.com.  cgreen0688@gmail.com |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Carvana, LLC |
| Job or Title *(if known)* | Legal Department |
| Street Address | 1930 E. Rio Salado Pkwy |
| City and County | Tempe, Maricopa |
| State and Zip Code | Arizona, 85281 |
| Telephone Number | 1 (833) 819-0660 |
| E-mail Address *(if known)* | Legal@carvana.com |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

E-mail Address *(if known)*     _____

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question          ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Truth in Lending Act (TILA) – 15 U.S.C. § 1601 et seq.Federal Trade Commission Act (FTCA) – 15 U.S.C. § 45(a) Consumer Financial Protection Act (CFPA) – 12 U.S.C. § 5536(a)(1) Lanham Act – 15 U.S.C. § 1125(a) (False Advertising & Unfair Competition)

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* Ciara Green & Phillip Aught              , is a citizen of the State of *(name)* Nevada                  .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of

the State of *(name)* _____ . Or is a citizen of

*(foreign nation)* _____ .

    b.    If the defendant is a corporation

The defendant, *(name)*   Carvana, LLC   , is incorporated under

the laws of the State of *(name)*   Arizona   , and has its

principal place of business in the State of *(name)*   Arizona   .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

Plaintiffs' damages exceed $75,000 as required under 28 U.S.C. § 1332(a), including actual financial losses, treble damages under NRS 41.600, federal statutory penalties (TILA & CFPA), and punitive damages for fraudulent misrepresentation, with total estimated damages ranging from $116,220 to over $213,700. Given the severity of Carvana's deceptive business practices, bait-and-switch tactics, and financial fraud, Plaintiffs seek full compensatory, statutory, and punitive damages, along with injunctive relief to prevent further consumer harm.

## III.  Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Plaintiffs bring this action against Defendant Carvana, LLC for fraudulent misrepresentation, deceptive trade practices, bait-and-switch pricing schemes, breach of contract, and violations of federal consumer protection laws, including the DTPA, Truth in Lending Act (15 U.S.C. § 1601 et seq.), the Federal Trade Commission Act (15 U.S.C. § 45(a)), and the Consumer Financial Protection Act (12 U.S.C. § 5536(a)(1)).

Carvana intentionally deceived Plaintiffs by falsely claiming a vehicle hold had expired, misrepresenting financing terms, and unlawfully inflating costs after agreements were made. Plaintiffs suffered significant financial harm, including a fraudulently increased down payment, hidden fees, loss of contractual rights, and time wasted attempting to correct Carvana's misconduct. Plaintiffs seek actual damages, treble damages under NRS 41.600, federal statutory damages, punitive damages for willful fraud, and injunctive relief to stop Carvana's deceptive business practices.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

IV.    **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

WHEREFORE, Plaintiffs demand judgment against Defendant Carvana, LLC as follows:
1. Actual Damages – Full compensation for all financial losses, fraudulent charges, and increased costs caused by Carvana's deceptive and fraudulent conduct in excess of $75,000
2. Treble Damages – Pursuant to NRS 41.600, Plaintiffs seek triple the amount of actual damages due to Carvana's knowing and intentional violations of Nevada's Deceptive Trade Practices Act.
3. Punitive Damages – Plaintiffs demand maximum punitive damages allowed under law to punish Carvana for fraudulent misrepresentation, bad faith, and willful deception and to deter further misconduct.
4. Statutory & Federal Damages – Plaintiffs seek all available statutory damages under the Truth in Lending Act (15 U.S.C. § 1601 et seq.), the Federal Trade Commission Act (15 U.S.C. § 45(a)), and the Consumer Financial Protection Act (12 U.S.C. § 5536(a)(1)), including penalties for unfair and deceptive financial practices.
5. Injunctive Relief – Plaintiffs demand a court order barring Carvana from engaging in further deceptive trade practices, including misrepresenting financing terms, hiding costs, and altering contracts after agreements are made.
6. Attorneys' Fees & Court Costs – Plaintiffs demand full reimbursement of all legal expenses, filing fees, and litigation costs necessary to hold Carvana accountable for its fraudulent and illegal conduct.
7. Any Further Relief – Plaintiffs seek any additional relief this Court deems just and necessary to expose and stop Carvana's fraudulent business model

V.    **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.    **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    _____

Signature of Plaintiff        _____

Printed Name of Plaintiff    _____

B.    **For Attorneys**

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Date of signing: _____

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Street Address _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____

## FACTUAL ALLEGATIONS – CARVANA'S FRAUDULENT SCHEME

1. On **January 31, 2025**, Plaintiffs secured a **72-hour hold** on a **2021 Mazda CX-5**, guaranteeing their right to complete the purchase while finalizing financing and insurance.

2. On **February 2, 2025**, with **19 hours remaining** on their **valid, active hold**, Plaintiffs called Carvana to finalize the purchase. Instead of honoring the agreement, **Carvana engaged in an outrageous scheme of deception and fraud**.

3. A Carvana representative **knowingly and intentionally lied**, falsely claiming that Plaintiffs needed to **re-upload documents already in their system**—a deliberate stalling tactic designed to **run out the clock** and sabotage the sale.

4. While forcing Plaintiffs to **sit on hold for over 30 minutes**, Carvana **secretly sold the vehicle to another buyer**, directly violating the active hold and **breaching their own policies**.

5. When confronted, **Carvana's so-called manager, "John," blatantly lied**, spewing **false, misleading excuses** to cover up the fraud:

• **"Nevada is a discount-restricted state."** – A **total fabrication**; no such law or restriction exists.

• **"The lock timer expired."** – Another **outright lie**; **Plaintiffs still had 18-19 hours remaining** on their hold.

6. Plaintiffs, recognizing the **deliberate fraud**, escalated their complaint—only to be transferred to another Carvana manager, **Missy**.

7. Missy immediately **exposed John's lies**, admitting that Carvana had **no such "discount-restricted state" policy** and acknowledging that Plaintiffs had been **wrongfully deprived** of their vehicle.

8. But instead of **rectifying the fraudulent sale**, Carvana tried to **buy Plaintiffs' silence** with **insulting "compensation" offers**: first **$200**, then **$300 off the sticker price**, then **$500** off a different vehicle **or off the transfer fee—as if a few hundred dollars could erase their calculated fraud**.

9. Plaintiff **Phillip Aught explicitly rejected** these pathetic attempts at hush money. Plaintiffs **made it clear that no agreement had been reached** and that they would explore alternative vehicles before deciding how to proceed.

10. When Plaintiffs attempted to purchase another vehicle, **Carvana escalated its fraudulent conduct even further**. The original **$700 down payment** was **fraudulently inflated to $2,290**, and a **$1,590 shipping fee**, which was supposedly "removed" from the price breakdown, was **secretly buried within the financing terms—a deceptive and illegal bait-and-switch scheme**.

11. When Plaintiffs demanded answers, Carvana's representatives **panicked**. They **gave conflicting, contradictory excuses** before **cowardly refusing to answer any further questions**. Instead of taking responsibility, they **hid behind their legal team**, refusing to explain or justify their fraudulent pricing manipulation.

12. Carvana's **actions were not accidental, nor were they isolated.** This was **a calculated, predatory scheme** to extract more money from consumers **through deception, dishonesty, and financial manipulation**.

### PLAINTIFFS' DAMAGES AND FINANCIAL LOSSES

As a direct result of Carvana's **fraud, deception, and bad-faith business practices**, Plaintiffs suffered **significant financial losses and out-of-pocket expenses**. They were forced to spend **$96.22** on Uber and Lyft rides due to the lack of a vehicle, in addition to **$1,500.00** in personal transportation costs for gas, maintenance, and wear-and-tear on vehicles belonging to family,

friends, and a spouse. To make up for the loss of transportation, Plaintiffs had no choice but to rent a car from Avis at a cost of **$1,000.00**, with additional **gas expenses totaling $800.00**. Without reliable transportation, they were also forced to rely on delivery services, spending **$159.35** on Instacart grocery orders and **$196.17** on DoorDash food deliveries—expenses they would not have incurred had Carvana simply honored their agreement.

In total, Carvana's **fraudulent scheme cost the Plaintiffs $3,751.74**—not including the emotional stress, wasted time, and frustration they endured while being **lied to, manipulated, and financially exploited**.

<h2 style="text-align:center">CARVANA: A PREDATORY, FRAUDULENT OPERATION</h2>

Carvana's **fraud is deliberate, systemic, and indefensible**. This is not a **one-time mistake** or an instance of **poor customer service**—this is **corporate fraud** masquerading as a legitimate business.

Carvana **actively preys on consumers**, luring them into deals, **manipulating pricing**, and **altering financing terms in bad faith**. They weaponize confusion and misinformation, relying on deceptive tactics to **trap customers into unfair, costly agreements**.

**This is fraud. This is theft. And this is illegal.**

Carvana's actions violate **state and federal consumer protection laws**, including statutes prohibiting **deceptive trade practices, false advertising, and bad-faith contract interference**. This lawsuit seeks **not just damages, but justice**. The **law is not optional**, and **corporations cannot defraud consumers without consequences**. Carvana must be **held accountable** for its **systemic deception, financial fraud, and reckless disregard for the law**.

**Justice demands action. This Court must send a message: fraud will not be tolerated.**

**CAUSES OF ACTION**

## COUNT 1 – FRAUDULENT MISREPRESENTATION (Nevada Common Law Fraud)

Defendant knowingly made false representations regarding the vehicle hold, financing terms, and pricing with the intent to deceive Plaintiffs into paying more than the agreed-upon amount. Defendant's misrepresentations included falsely stating that Nevada is a "discount-restricted state," fabricating the expiration of the Plaintiffs' vehicle hold, and failing to disclose material changes to financing terms. Defendant knew these statements were false, intended for Plaintiffs to rely on them, and Plaintiffs justifiably relied on the misrepresentations when attempting to complete their vehicle purchase. As a direct result of Defendant's fraudulent misrepresentations, Plaintiffs suffered financial harm and damages, entitling them to actual, treble, and punitive damages under Nevada common law.

## COUNT 2 – NEGLIGENT MISREPRESENTATION (Nevada Common Law & Restatement (Second) of Torts § 552)

Defendant provided false information regarding the Plaintiffs' vehicle hold status and financing terms, failing to exercise reasonable care in verifying the accuracy of this information before communicating it to Plaintiffs. Defendant falsely advised Plaintiffs that their hold had expired when, in fact, 19 hours remained. Defendant further misrepresented the financing terms of the replacement vehicle by concealing a $1,590 shipping charge within the loan structure. Plaintiffs

justifiably relied on this negligent misinformation, which directly caused them financial harm. Nevada law allows recovery for damages resulting from negligent misrepresentation when a party provides false information in the course of business transactions, leading to foreseeable harm.

## COUNT 3 – BREACH OF CONTRACT (Nevada Common Law & Uniform Commercial Code (UCC) § 2-106)

A valid agreement existed between Plaintiffs and Defendant, wherein Plaintiffs secured a 72-hour hold on a specific vehicle. Defendant breached this agreement by improperly selling the vehicle to another party while the hold was still active. Defendant also altered the financial terms of a replacement vehicle without prior disclosure, constituting a material breach of contract. Plaintiffs fulfilled their obligations under the agreement and attempted to complete the purchase in good faith, but Defendant failed to honor the agreed-upon terms. Under Nevada contract law, Plaintiffs are entitled to compensatory damages, including financial losses caused by Defendant's breach.

## COUNT 4 – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (Nevada Common Law & NRS 104.1304)

Every contract in Nevada includes an implied duty of good faith and fair dealing, requiring both parties to act honestly and fairly to avoid undermining the purpose of the contract. Defendant

knowingly engaged in bad faith conduct by misleading Plaintiffs about their vehicle hold status, altering financing terms, and engaging in bait-and-switch tactics to extract higher payments. Defendant's fraudulent actions deprived Plaintiffs of the benefits of their agreement, violating Nevada's standard for good faith performance in contractual relationships. Plaintiffs suffered financial losses due to Defendant's unfair practices and are entitled to damages, including punitive damages for willful misconduct.

## COUNT 5 – VIOLATION OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT
### (NRS 598.0915 & NRS 41.600)

Defendant engaged in deceptive trade practices by knowingly making false statements regarding financing terms, failing to disclose material information, and fraudulently inducing Plaintiffs into a contract based on misleading terms. Defendant's actions violated multiple provisions of the Nevada Deceptive Trade Practices Act, including NRS 598.0915(15) (knowingly misrepresenting the terms of a sale), NRS 598.0923(3) (failing to disclose material facts that would influence a consumer's decision), and NRS 598.0915(5) (false representation that goods have characteristics they do not possess). Plaintiffs suffered financial harm as a direct result of Defendant's deceptive business practices and are entitled to treble damages, attorneys' fees, and injunctive relief under NRS 41.600.

## COUNT 6 – VIOLATION OF THE TRUTH IN LENDING ACT (15 U.S.C. § 1601 et seq.)

Defendant failed to properly disclose financing terms as required under the Truth in Lending Act (TILA). Defendant concealed a $1,590 shipping fee within the loan structure of the replacement vehicle, failing to provide clear, upfront disclosure of the true cost of financing. This constitutes a violation of TILA's requirements for accurate and transparent financial disclosures in consumer credit transactions. Plaintiffs are entitled to statutory damages ranging from $5,000 to $10,000 for Defendant's willful non-compliance with TILA's disclosure obligations.

## COUNT 7 – VIOLATION OF THE FEDERAL TRADE COMMISSION ACT (15 U.S.C. § 45(a))

Defendant engaged in unfair and deceptive business practices in violation of the Federal Trade Commission Act (FTCA). Defendant's misrepresentations regarding Plaintiffs' financing terms, false advertising about vehicle pricing, and failure to honor agreed-upon transactions constitute deceptive trade practices prohibited under FTCA. Plaintiffs were misled into a contract with hidden costs, which were concealed in the financing breakdown rather than disclosed upfront. Federal law entitles Plaintiffs to statutory damages between $5,000 and $25,000 for Defendant's deceptive practices.

## COUNT 8 – VIOLATION OF THE CONSUMER FINANCIAL PROTECTION ACT (12 U.S.C. § 5536(a)(1))

Defendant violated the Consumer Financial Protection Act (CFPA) by engaging in unfair, deceptive, or abusive acts or practices (UDAAP). Defendant misrepresented financing terms, improperly modified Plaintiffs' down payment and loan structure, and failed to provide clear disclosures required under consumer financial protection laws. Defendant's intentional misrepresentations caused Plaintiffs financial harm and deprived them of fair and transparent lending terms. Plaintiffs are entitled to statutory damages between $10,000 and $25,000 for Defendant's violations of CFPA.

## COUNT 9 – CIVIL CONSPIRACY (Nevada Common Law)

Defendant's employees and representatives engaged in a coordinated scheme to defraud Plaintiffs by knowingly misrepresenting financing terms, manipulating the pricing structure, and misleading Plaintiffs about their vehicle hold. Defendant's actions were part of a deliberate corporate strategy to engage in deceptive trade practices, increasing company revenue at the direct expense of consumers. Plaintiffs were directly harmed by Defendant's fraudulent conduct, entitling them to treble damages under Nevada law.

## COUNT 10 – UNJUST ENRICHMENT (Nevada Common Law)

Defendant wrongfully obtained financial benefits by engaging in fraudulent business practices. Defendant charged Plaintiffs increased amounts based on false statements and attempted to induce Plaintiffs into paying more than originally agreed upon by misleading them about pricing

terms. Allowing Defendant to retain these unlawfully obtained financial gains would constitute

unjust enrichment under Nevada law. Plaintiffs are entitled to restitution for all unjust financial

gains Defendant received from its fraudulent conduct.

**COUNT 11 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Nevada**

**Common Law & Olivero v. Lowe, 116 Nev. 395 (2000))**

Defendant engaged in extreme and outrageous conduct by intentionally misleading and

deceiving Plaintiffs regarding their financing and vehicle hold. Defendant acted with reckless

disregard for Plaintiffs' financial stability and peace of mind, causing severe emotional distress.

Defendant's fraudulent misrepresentations and deceptive business tactics directly resulted in

unnecessary financial hardship, anxiety, and stress for Plaintiffs. Under Nevada law, Plaintiffs

are entitled to damages for the emotional distress caused by Defendant's wrongful actions.

Q  **Search**       **Sell/Trade**        **Financing**

# Vehicle unavailable

2021 MAZDA CX-5 is currently unavailable. Don't
worry - we've got you covered with similar vehicles
to meet your needs.

SEARCH SIMILAR VEHICLES









## My Purchase Summary

Please carefully review and confirm your order details below. Make all the necessary changes to your selections.

### Order Details

**2018 Audi Q3**
Sport Premium Sport Utility 4D
4-Cyl, Turbo, 2.0 Liter
46,908 miles

**Pick-Up Address**
3720 Morgan Cashmans Way
Las Vegas, NV 89103

Edit Pick-Up Details

### Account Details

| | |
|---|---|
| Legal Name: | CIARA NICOLEMARIE GREEN |
| Mobile Number: | (509) 554-1160 |
| Email Address: | cgreen0688@gmail.com |

**Home Address**

| | |
|---|---|
| Street: | 7960 Rafael Rivera Way |
| Street 2: | Unit 1205 |
| City, State, ZIP: | Las Vegas, NV 89113 |

### Cost Breakdown

| | |
|---|---|
| Carvana Price: | $19,990.00 |
| Price Reductions: | $500.00 |
| Tax: | $1,632.29 |
| Total title and registration: | $28.25 |
| | Show details |
| Shipping (Nonrefundable): | $0.00 |
| Shipping the car to a location near you | |
| Dealer Fees: | NEVER |
| Hidden Fees: | NEVER |

| **Subtotal**<br>(Including taxes, fees, upgrades) | **$21,150.54** |
|---|---|
| Trade-In: | Declined |

Add a Trade-in

| **Total Price**<br>(Including taxes) | **$21,150.54** |
|---|---|



# Finance with Carvana

Your Carvana Financing terms are based on your credit history and price of this vehicle.

You're pre-qualified

**2018 Audi Q3**
Sport Premium Sport Utility 4D
46,908 mi · $19,990

Monthly payment
## $537/mo
Includes 27.4% APR for 72 months

⇄ Edit payment

Total due at order
## $2,290
Includes minimum cash down payment of $2,290.

✓ **$10/mo discount** for auto pay enrollment

Lower your payments
Adding a co-signer can improve your terms

ADD CO-SIGNER

Pay a different way · Edit financial info

USE CARVANA FINANCING

