UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CIARA NICOLE MARIE GREEN and PHILLIP CHARLES AUGHT JR,<br><br>Plaintiffs,<br><br>v.<br><br>CARVANA LLC,<br><br>Defendant. | Case No. 2:25-cv-00349-APG-EJY<br><br>**ORDER**<br>**and**<br>**REPORT AND RECOMMENDATION** |

Pending before the Court are Plaintiffs' Applications to Proceed in forma pauperis ("IFP") (ECF Nos. 1; 1-1), as well as their Complaint (ECF No. 1-2). The Court reviewed the documents and finds as follows.

**I.      IFP Application**

Plaintiffs Green and Aught have each filed IFP applications. ECF Nos. 1; 1-1. Though the details provided are sparse, Plaintiffs indicate they are currently unemployed and receive public benefits. *Id.* Based on these representations, the Court is satisfied that Plaintiffs lack the resources to pay the required filing fee and thus grants their IFP applications.

**II.     Screening Standard**

Having granted Plaintiffs' IFP applications, their Complaint is screened under 28 U.S.C. § 1915(e)(2). Under this standard, the reviewing Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A federal court must dismiss a claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing

a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

Allegations of a pro se complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III.    Discussion

Plaintiffs, Nevada residents, bring their Complaint against Carvana, a Delaware Corporation headquartered in Arizona. Plaintiffs assert eleven causes of action against Carvana arising from

what appears to be two failed attempts to purchase a vehicle in February of 2025. ECF No. 1-2 at 7-15. Regarding the first attempted purchase, Plaintiffs allege they secured a 72-hour hold on a particular vehicle that Carvana sold to another buyer before Plaintiffs' hold had expired. *Id.* at 7. Regarding the second attempted purchase, Plaintiffs allege Carvana misrepresented the true cost of the downpayment by not disclosing a $1,590 shipping fee. *Id.* at 8-9. Though the Complaint is unclear, it appears Plaintiffs never purchased a vehicle from Carvana.

Based on these allegations, Plaintiffs assert claims for violation of the following statutes: the Truth in Lending Act ("TILA"), the Federal Trade Commission Act ("FTCA"), the Consumer Financial Protection Act ("CFPA"), and the Nevada Deceptive Trade Practices Act ("NDTPA"). *Id.* at 12-14. In addition, Plaintiffs assert the following common law claims: fraudulent misrepresentation, negligent misrepresentation, breach of contract, breach of the implied covenant of good faith and fair dealing, civil conspiracy, unjust enrichment, and intentional infliction of emotional distress ("IIED"). *Id.* at 10-12, 14-15.

A. <u>Plaintiffs' Federal Claims</u>.

i. *Truth in Lending Act*

Plaintiffs allege Carvana "failed to properly disclose financing terms as required under [TILA]" by concealing the $1,590 shipping fee within the "loan structure" of the second vehicle Plaintiffs attempted to purchase. Plaintiffs do not identify which TILA provision they assert Carvana's conduct violated; however, based on the assertion that Carvana "fail[ed] to provide clear, upfront disclosure of the true cost of financing," ECF No. 1-2 at 13, the Court reasonably construes the Complaint as alleging a violation of 15 U.S.C. § 1638, which sets disclosure requirements for transactions other than open end credit plans. However, the text of § 1638 reveals Plaintiffs fail to state a claim.

TILA, at 15 U.S.C. § 1638(a)(2), requires creditors to disclose the "amount financed," which is defined to mean "the principal amount of the loan or cash price less downpayment[.]" The Act excludes from this definition "any charges which are part of the finance charge but which will be paid by the consumer before or at the time of the consummation of the transaction." 15 U.S.C. § 1638(a)(2)(A)(iii). Though Plaintiffs claim the concealment of the shipping fee is a failure to

3

disclose financing terms, the Act is clear that its disclosure obligations do not pertain to fees, including the shipping fee about which Plaintiffs complain, that are paid upfront at the time the transaction (purchase) is consummated (documents are signed and the payment due is made). Moreover, even if the Court were to assume the shipping fee was an amount to be financed, § 1638 requires such disclosures to be made "before the credit is extended." 15 U.S.C. § 1638(b)(1). Here, Plaintiffs allege they knew of the shipping fee before the final decision regarding purchase of a car from Carvana was made. ECF No. 1-2 at 8. Thus, not only is the shipping fee not subject to the disclosure obligation under 15 U.S.C. § 1638(a)(2), but the shipping fee was disclosed before consummation of the transaction.

The Court finds that no matter how broadly Plaintiffs' TILA claim is construed under section 1638, this claim fails as a matter of law. The Court recommends Plaintiffs' TILA claim be dismissed with prejudice.

### ii.   Federal Trade Commission Act

Plaintiffs assert that Carvana's alleged misrepresentations of financing terms and failure to honor Plaintiffs' 72-hour hold constitute deceptive trade practices under the FTCA. ECF No. 1-2 at 13. However, the FTCA contains no private right of action. *Hall v. Equifax Info. Servs.*, Case No. 2:21-cv-01979 JAM AC PS, 2021 WL 5566746, at *1 (E.D. Cal. Nov. 29, 2021) (citing *Carlson v. Coca-Cola Co.*, 4835 F.2d 279, 280 (9th Cir. 1973)). Because any attempt to assert a claim under the FTCA would be futile, the Court recommends dismissing this claim with prejudice.

### iii.   Consumer Financial Protection Act

Plaintiffs assert that Carvana's conduct constitutes unfair, deceptive, or abusive acts or practices under the CFPA. ECF No. 1-2 at 14. However, as with the FTCA, the CFPA does not provide a private right of action. *Upshaw v. United States Dep't of Educ.*, Case No. CV 17-00164-SJO (Ex), 2017 WL 7171525, at *3 (C.D. Cal. Sep. 18, 2017) ("While it charges the CFPB with enforcing consumer protection statutes, the CFPA is not itself a cause of action nor does it provide for a private right of action.") (internal citation omitted). The Court therefore recommends this claim be dismissed with prejudice.

B.  Plaintiffs' State Law Claims Fail to Establish Diversity Jurisdiction.

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Federal courts have the jurisdiction to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). A court may raise the question of subject-matter jurisdiction *sua sponte*, and it must dismiss a case if it determines it lacks subject-matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3).

The Court recommends all of Plaintiffs' claims arising under federal law be dismissed—two because there is no private right of action and one because even liberally construing all facts asserted by Plaintiffs, there is no claim that arises under the statute. Because there are no claims arising under the laws of the United States, Plaintiffs must establish subject matter jurisdiction to hear their state law claims by meeting the requirements of diversity under 28 U.S.C. § 1332. To this end, although Plaintiffs and Defendant are citizens of different states, Plaintiffs fail to plead matters in controversy that exceeds the value of $75,000.

"Conclusory allegations as to the amount in controversy are insufficient" to establish jurisdiction. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003). Moreover, Plaintiffs cannot meet their burden by simply pointing to the possibility of punitive damages, particularly in light of the high burden that must be met before such damages will be awarded. *See Soriano v. USAA Ins. Agency, Inc.*, Case No. 3:09-cv-00661-RCJ-(RAM), 2010 WL 2609045, at *3 (D. Nev. June 25, 2010) ("the mere possibility of that Plaintiff may recover punitive damages" is insufficient to establish diversity); *Shepard v. Rynning*, Case No. 2:22-cv-01331-TL,

5

2022 WL 14813001, at 1-2 (W.D. Wash. Oct. 26, 2022) (rejecting the *pro se* plaintiff's pleadings of $7,200 in actual damages, along with a claim for punitive damages, "emotional distress, being under the threat of physical violation, and being denied rights as a customer of US Bank" as insufficient to establish the amount in controversy) (internal quote marks omitted); *Haisch v. Allstate*, 942 F.Supp. 1245 (D. Ariz. 1996).

Here, the only actual damages identified by Plaintiffs is $3,751.74. ECF No. 1-2 at 8-9. The remainder of Plaintiffs' allegations are silent with respect to the amount of actual damage sought or a basis for calculating damages that would exceed $75,000. *See generally*, *id*. Moreover, even if Plaintiffs were successful in obtaining treble damages under the Nevada Deceptive Trade Practices Act, three times $3,751.74 yields damages slightly above $11,000. Thereafter, Plaintiffs aver conclusory statements regarding punitive damages that are unsupported, dependent in part on claims for which there is no private right of action, and on a TILA claim that fails as a matter of law as there is no violation of TILA for the conduct Plaintiffs identified.

Plaintiffs' Complaint does not plead facts sufficient to establish the amount in controversy necessary to support diversity jurisdiction. And, in the absence of jurisdiction at this time, there is no basis to screen Plaintiffs' state law claims. Nonetheless, Plaintiffs may be able to cure the deficiency in their pleading; thus, the Court grants dismissal with leave to amend.

**IV.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' IFP applications (ECF Nos. 1, 1-1) are GRANTED.

IT IS FURTHER ORDERED that Plaintiffs are granted one opportunity to amend their Complaint to state a factual basis for damages sufficient to establish diversity jurisdiction. Plaintiffs' amended complaint must also replead all claims arising under state law, and any federal claims that are not dismissed with prejudice, they wish the Court to consider. The amended complaint must be titled "AMENDED COMPLAINT," must establish jurisdiction, and must be filed no later than **July 23, 2025**. The amended complaint must be complete in and of itself meaning it must contain all causes of action Plaintiffs seek to assert. If Plaintiffs file an amended complaint establishing

6

jurisdiction, but fails to sufficiently plead the substantive claims they wish to assert, such claims will not proceed.

IT IS FURTHER ORDERED that if Plaintiffs do not to file an amended complaint, the Court will recommend dismissal of this case in its entirety based on a lack of subject matter jurisdiction. Plaintiffs' state law claims will be dismissed without prejudice, but without leave to amend in this Court while allowing Plaintiffs the opportunity to proceed in the Nevada state court system.

**V.     Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiffs' claims for violation of the Truth in Lending Act, the Federal Trade Commission Act, and the Consumer Financial Protection Act be DISMISSED with prejudice.

Dated this 25th day of June, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also holds that (1) failure to file objections within the specified time, and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).