UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CIARA NICOLE MARIE GREEN and PHILLIP CHARLES AUGHT JR, <br><br> Plaintiffs, <br><br> v. <br><br> CARVANA LLC, <br><br> Defendant. | Case No. 2: 25-cv-00349-APG-EJY <br><br> **ORDER** <br> **and** <br> **REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiffs' Motion for Leave to File First Amended Complaint After Deadline. ECF No. 13. The Court reviewed the Motion and the attached First Amended Complaint ("FAC"). Plaintiffs' Motion is granted and the proposed FAC is screened below.

**I.   Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the

standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.   Discussion

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal courts properly exercise "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). The federal district courts properly determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). A court may raise the question of subject-matter jurisdiction *sua sponte*, and it must dismiss a case if it determines it lacks subject matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3).

Plaintiffs' Amended Complaint asserts state law claims only. Thus, Plaintiffs must establish subject matter jurisdiction by meeting the requirements of diversity under 28 U.S.C. § 1332. Here, although Plaintiffs and Defendant are citizens of different states, Plaintiffs fail to plead matters in controversy that exceeds the value of $75,000.

"Conclusory allegations as to the amount in controversy are insufficient" to establish jurisdiction. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003). Further, plaintiffs cannot meet their burden by simply pointing to the possibility of punitive damages, particularly in light of the high burden that must be met before such damages will be awarded.

2

1  *Soriano v. USAA Ins. Agency, Inc.*, Case No. 3:09-cv-00661-RCJ-(RAM), 2010 WL 2609045, at *3 (D. Nev. June 25, 2010) ("the mere possibility of that [p]laintiff may recover punitive damages" is insufficient to establish diversity); *Shepard v. Rynning*, Case No. 2:22-cv-01331-TL, 2022 WL 14813001, at 1-2 (W.D. Wash. Oct. 26, 2022) (rejecting the *pro se* plaintiff's pleadings of $7,200 in actual damages, along with a claim for punitive damages, "emotional distress, being under the threat of physical violation, and being denied rights as a customer of US Bank" as insufficient to establish the amount in controversy) (internal quote marks omitted); *Haisch v. Allstate*, 942 F.Supp. 1245 (D. Ariz. 1996).

The Court's prior screening order explained to Plaintiffs that they did not provide a basis for calculating damages that exceed $75,000. ECF No. 9 at 6. The Court cited case law establishing that an assertion that does little more than plead the entitlement to punitive damages does not meet the amount in controversy requirement necessary for an exercise of diversity jurisdiction. *Soriano*, 2010 WL 2609045, at *3.

In the FAC, Plaintiffs aver they meet the amount in controversy requirement by alleging $10,300 in actual damages, $30,900 treble damages under NRS 41.600, and punitive damages of "at least $50,000." ECF No. 13-1 at 3–4. However, Plaintiffs' assertion of their punitive damages award is without support or explanation. That is, while Plaintiffs provide details to support their actual damages (ECF No. 13-1 at 3), the same cannot be said for punitive damages. *Redford v. Greendot Corporation*, No. CV 20-3260 JGB (PVC), 2021 WL 785147, at *7 (C.D. Cal. Jan. 14, 2021), *report and recommendation adopted*, No. CV 20-3260 JGB (PVC), 2021 WL 784955 (C.D. Cal. Feb. 26, 2021) ("Where the availability or typical size of a punitive damages award is in doubt, the party seeking to invoke the Court's diversity jurisdiction 'must present evidence that punitive damages will more likely than not exceed the amount needed to increase the amount in controversy to $75,000.'").

Since Plaintiffs fail to provide a basis for the Court to reasonably conclude the punitive damages asserted are more likely than not to be awarded in the amount alleged, the Court finds Plaintiffs fail to plead the amount in controversy requirement for diversity jurisdiction. The Court,

therefore, declines to exercise subject matter jurisdiction and does not screen Plaintiffs' state law claims.

Plaintiffs have twice attempted to plead a complaint establishing a basis for the federal court in the District of Nevada to exercise subject matter jurisdiction. Plaintiffs have twice been unable to establish the amount in controversy is sufficient to meet the diversity jurisdiction requirement. While Plaintiffs may well have a viable claim, that claim belongs in the Eighth Judicial District Court for Clark County, Nevada.

## IV.    Recommendation

IT IS HEREBY RECOMMENDED that Plaintiffs' Motion for Leave to File Amended Complaint After Deadline be DENIED without prejudice, but without leave to amend in this Court. The without prejudice dismissal will allow Plaintiffs, if they so choose, to proceed in the Nevada state court system.

Dated this 14th of October, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. Thomas v. Arn, 474 U.S. 140, 142 (1985). The Ninth Circuit also holds that (1) failure to file objections within the specified time, and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).